# Odeon Capital Group LLC v AEON Biopharma, Inc.

2024 NY Slip Op 31088(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 654547/2023

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MELISSA A. CRANE                    PART          60M

                                            *Justice*

-----------------------------------------------------------------------X

ODEON CAPITAL GROUP LLC,

                      Plaintiff,

- v -

AEON BIOPHARMA, INC.,FORMERLY KNOWN AS
PRIVETERRA ACQUISITION CORP., CONTINENTAL
STOCK TRANSFER & TRUST COMPANY

                      Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654547/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 24, 25, 26

were read on this motion to/for                             DISMISS             .

Upon the foregoing documents, it is

This entire case and every cause of action involve plaintiff trying to recover for its failure to receive its "promised contractual fee" for serving as underwriter to a "Business Combination" via a SPAC (a special purpose entity) in the medical technology sector. Plaintiff does not assert any unique damages attributable to the alleged commission of a tort in its Complaint. Rather, it seeks contract damages of $1,255,800 for each of its claims (see complaint page 25).

Plaintiff has pled a decent breach of contract claim. Defendants have apparently recognized this, because they have not moved to dismiss the claims for breach of contract.

However, for the reasons stated on the record of April 1, 2024, the court dismisses all other causes of action against defendant AEON, because each of them merely duplicate the breach of contract claim. In addition to asking for the same damages, these other causes of action simply do not add anything beyond what the claim for breach of contract asserts. For

**654547/2023   ODEON CAPITAL GROUP LLC vs. AEON BIOPHARMA, INC., FORMERLY KNOWN**     **Page 1 of 4**
**AS PRIVETERRA ACQUISITION CORP. ET AL**
**Motion No.  001**

1 of 4

example, the cause of action for conversion (Count II) merely seeks a vindication of plaintiff's contractual rights.

Further, Count III, for tortious interference with the Trust Agreement, duplicates breach of contract concerning the Underwriting Agreement, because, as plaintiff's counsel conceded on the record, the way plaintiff was to be paid under the Underwriting Agreement was through the Trust Agreement.   Thus, by allegedly "instructing Continental to distribute the entire amount held in the Trust Account without paying Odeon its deferred underwriting fee," plaintiff has only described the means by which defendants breached the contract. Hence, this claim duplicates the cause of action for breach of contract.  In addition, Count III is insufficient because it does not allege sufficiently that the breach would not have occurred but for AEON's conduct (see *Eisenberg v. Weisbecker*, 190 A.D.3d 549, 550 (1st Dep't 2021).

Count IV for breach of the covenant of good faith and fair dealing also duplicates the claim for breach of contract.  Although plaintiff alludes to this claim as a tort (it isn't), this characterization in no way describes a situation where plaintiff was deprived of its bargain even though the contract was not technically breached.  This type of deprivation without breach is the essence of a claim for breach of the implied covenant of good faith and fair dealing (see *Carovillano v. Sirius XM Radio Inc.*, __Fsupp3d __, 2024 WL 450040, at *12 [S.D.N.Y. Feb. 6, 2024][ "[t]he implied covenant is "breached when a party acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" [citations omitted]]).  Thus, "[w]here a good faith claim arises from the same facts and seeks the same damages as a breach of contract claim, it should be dismissed" (*Mill Fin., LLC v. Gillett*, 122 A.D.3d 98, 104 [1st Dep't 2014].  Here, all we have is a synonym for breach of contract.  Accordingly, and also for the reasons discussed on

**654547/2023   ODEON CAPITAL GROUP LLC vs. AEON BIOPHARMA, INC., FORMERLY KNOWN**                **Page 2 of 4**
**AS PRIVETERRA ACQUISITION CORP. ET AL**
**Motion No.  001**

[* 2]                                                                                              2 of 4

the record, the court dismisses Count IV for breach of the covenant of good faith and fair dealing.

Count V for aiding and abetting breach of fiduciary duty suffers from the same problems as the tortious interference claim. Namely, this cause of action merely describes how AEON breached the contract. The allegations concerning substantial assistance are also insufficient. Accordingly, the court dismisses this Count.

As plaintiff concedes, there is no basis to award punitive damages on the claim for breach of contract alone (see *Eisenberg v. Weisbecker*, 190 A.D.3d 549, 550, [1st Dep't 2021] ["Plaintiff is not entitled to punitive damages on his contract claim because the complaint does not allege that the breach was associated with outrageous conduct that was part of a pattern directed at the public generally"]). However, even were a tort claim to survive, punitive damages would not be appropriate (see *Seymour v. Hovnanian*, 211 A.D.3d 549, 557 [1st Dep't 2022 [defendant's "conduct does not rise to the level of wanton disregard of plaintiffs' property rights so as to warrant punitive damages"]).

Accordingly, it is

ORDERED THAT AEON's motion to dismiss Counts II-V of the complaint as well as any demand for punitive damages is granted without prejudice; and it is further

ORDERED THAT Count I is severed and shall continue; and it is further

**654547/2023 ODEON CAPITAL GROUP LLC vs. AEON BIOPHARMA, INC., FORMERLY KNOWN AS PRIVETERRA ACQUISITION CORP. ET AL**
**Motion No. 001**

**Page 3 of 4**

3 of 4

ORDERED THAT should the parties desire mediation, they should contact the part by email: SFC-Part60@nycourts.gov.

20240401163317MACRANE4E66AD6ABE2040A2AE3078AE4A0BF7EA

| 4/1/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **MELISSA A. CRANE, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**654547/2023   ODEON CAPITAL GROUP LLC vs. AEON BIOPHARMA, INC., FORMERLY KNOWN**     Page 4 of 4
**AS PRIVETERRA ACQUISITION CORP. ET AL**
**Motion No.  001**

4 of 4